## JACOBSON & FELLOWS
90 Conz Street
P.O. Box 597
Northampton, MA 01061
(413) 584-8181

Myles Jacobson, Attorney
Michael Fellows, Attorney

September 27, 2005

BY FAX 413-785-0204 and MAIL
Ms. Bethaney Healy
United States District Court
Federal Building and Courthouse
1550 Main Street
Springfield, MA 01103

Re:  United States of America v. Naomi Watford
     Criminal No. 05-30057-MAP

Dear Ms. Healy:

This is in the nature of a report submitted in view of the status conference scheduled for September 28. The government's automatic discovery response was originally due August 23 and served August 31, eight days late (with court permission). I have served a discovery letter on September 23 (three days late based on the original due date). In prior phone conference with AUSA Vuono, she indicated she would have no objection to a late discovery letter.

As indicated in the discovery letter of September 23, it is defendant's position that automatic discovery responses were substantially incomplete. (A copy of the September 23 letter is attached.) Nonetheless, I anticipate government cooperation as AUSA Vuono has invited me to come to her office to review the evidence. Unfortunately, she and I had not scheduled a time before this week, and this week (as of writing this letter), I have had trouble reaching AUSA Vuono.

Under the circumstances, the defendant respectfully requests that a further status conference be scheduled in order to allow time for the government to respond to the outstanding discovery letter, for AUSA Vuono and I to meet, and for motions to be filed if needed. .

Sincerely,

Myles Jacobson

enc.:
cc: Ariane Vuono, Assistant U.S. Attorney (By Fax 413 785 0394 and MAIL)

**JACOBSON & FELLOWS**
90 Conz Street
P.O. Box 597
Northampton, MA 01061
(413) 584-8181

Myles Jacobson, Attorney
Michael Fellows, Attorney

September 23, 2005

AUSA Ariane Vuono
United States Attorney's Office
1550 Main Street
Springfield, MA 01103

Re:   <u>United States of America v. Naomi Watford</u>
      Criminal No. 05-30057-MAP
      Discovery Letter (non-motion)

Dear Attorney Vuono:

I am in receipt of your automatic discovery response in the Naomi Watford case dated August 30, 2005. This letter is to request additional discovery some of which, I believe, should have been provided without request as part of automatic discovery and some of which is in the nature of clarification or supplementation. (The headings below correspond to those in the automatic discovery response of August 30.)

(1) Defendant's Prior Record: Kindly furnish me a copy of the defendant's prior record that the government may have in its possession, custody or control, pursuant to L.R. 116.1(C)(1)(a) and Fed..R.Crim.P.16(a)(1)(B). (I did receive a copy from pre-trial services, but am not sure if it is complete or identical to what the government may have. Also, I understand the reference to the "government" in the local rule to refer to your office, not pre-trial services'.)

(2) Search Materials: It seems that the government 1) has seized evidence that it may intend to use at trial or that led to the discovery of evidence that it may seek to use at trial, and 2) that the government has searched and seized property of the defendant in connection with the charges in this case. Accordingly, pursuant to L.R. 116.1(C)(1)(b), this is to request that the government produce a) any related search warrants and b) a description of all searches including an inventory of evidence seized at each location. (To the extent you have provided discovery, you have indicated only that vehicles were seized and that a list and inventory would be provided on request. L.R. 116.1(C)(1)(b) does not contemplate the need for a specific request.)

AUSA Ariane Vuono
September 23, 2005
Page 2

(3) Consensual Interceptions: From the government's response, it seems that the defendant "may have been captured on videotape" relating to the charges contained in the indictment, which videotape the government may offer as evidence in its case-in-chief. Accordingly, pursuant to LR 116.1(C)(1)(c)(i), this is to request that the government provide a written description of all such interceptions. (Such a description is required without request.) Additionally, the defense requests a copy of Exhibits N-3, N-10, N-13 and N-14.

(4) Unindicted Coconspirators: The defendant requests the government notify me in writing, and file a copy with the Clerk's office, the reasons for declining to identify the undisclosed material. Pursuant to L.R. 116.6, the government declines to provide the identity of unindicted co-conspirator, but fails to follow the prescripts of the rule concerning a statement of reasons.

(5) Identifications: According to your letter, the defendant was identified by law enforcement agents on February 4, 2005 and on May 3, 2005. The defendant requests a copy of the photographs used in this identification procedure, pursuant to L.R. 116.1(c)(1)(f)(ii). (This should have been made available without request.) Additionally, no information was provided as to whether the investigative identification procedures used were used with witnesses that the government intends to call in its case-in-chief.

(6) Exculpatory Evidence: The government declined to provide the name of one witness and the promises which have been made to him/her, and declines to provide the criminal records of one witness, and declines to provide a written description of any pending criminal cases of one witness, on the grounds that it believed "that providing this information at this time may cause harm to the witness." If the government still believes that the timing of this disclosure may cause harm to the witness, defendant requests that the government 1) indicate when it believes that disclosure would not cause harm to the witness and 2) provide the mandated discovery to the extent that disclosure does not disclose identity.

Thank you.

Yours truly,

Myles Jacobson

cc: Clerk, U.S. District Court, District of Massachusetts