## JACOBSON & FELLOWS
90 Conz Street
P.O. Box 597
Northampton, MA 01061
(413) 584-8181



Myles Jacobson, Attorney
Michael Fellows, Attorney

November 7, 2005

By FAX (413 785 0394) and Mail
AUSA Ariane Vuono
United States Attorney's Office
1550 Main Street
Springfield, MA 01103

Re:   United States of America v. Naomi Watford
      Criminal No. 05-30057-MAP

Dear Attorney Vuono:

     I am in receipt of your letter dated October 19, 2005 and the exhibits that you provided me: N–2, N–3, –10, –13 and –14. This letter is to clarify some of the exhibits received and to request additional exhibits and discovery.

     (1) There appears to be no reference to Exhibit 12. Is there such an exhibit? If so what is it?

     (2) The Department of Justice Forms indicate N2 is an audiocasette tape and N3 is a videocasette tape. However, under remarks on the same form, it indicates N2 is video surveillance and N3 is a recorded conversation. From the exhibits you sent me, it appears that N2 is actually a videocasette tape and N3 is an audiocasette tape. Thus it appears that item 10 - name and descriptions on the U.S. Department of Justice switched the name and description for these two exhibits in error. Please confirm that this is the case.

     (3) The Department of Justice Form indicates Exhibit N10 is (1) VHS tape and (1) audiocasette tape. I received the video tape labeled –10 but no cassette tape labeled –10. (I only received one audiocasette tape and it is labeled –3.) Please send me a copy of the cassette portion of Exhibit –10.

     (4) In my letter of September 23, 2005, I requested a written description of all intercepts related to the charges in the indictment which the government may offer as evidence in its case in chief, pursuant to LR 116.1 (C)(1)(c)(I). I am now requesting written descriptions and copies of

AUSA Ariane Vuono
November 7, 2005
Page 2

the two exhibits I did not receive, Exhibits N–9, a microcasette tape of the recorded purchase on March 10, 2005 and N–11 and audiocasette tape of the recorded purchase on March 10, 2005.

(5) The affidavit of Glen Decker that you sent me on October 28, 2005, indicates that Watford was tentatively identified on February 3, 2005 and the actual identification procedure took place the next day, February 4, 2005. Were there any contemporaneous records of the tentative identification? The affidavit also indicates that the police and the informant identified Watford on May 3, 2005. What identification procedure was used in this identification? Was any identification procedure used on March 10, 2005? If so, what did that procedure entail?

(6) Pursuant to Fed.R.Crim.P. 16(a)(1)© this is to request an opportunity to inspect, copy and photograph all drugs, packaging and any other tangible objects that the government intends to use as evidence in its case in chief. I would also like to inspect, copy, and photograph everything that belonged to the defendant that is now in the custody of the government, everything that was in the car that has been seized by the government and the car itself.

(7) Pursuant to Fed.R.Crim.P. 16(a)(1)(E) this is to request a written summary of the testimony of expert witnesses the government intends on using in its case-in-chief at trial.

(8) This is to request a second set of tape recordings for viewing by the defendant.

(9) This is to request that the government provide a written description describing within the various audio and video tape recordings provided in discovery (a) where, if at all, the defendant either speaks or may be seen, and (b) what the defendant says or does. (LR. 116.1(C)(1)(d)(I) requires a "written description.")

Finally, I note that the government has not yet provided discovery concerning promises, rewards and inducements, and that this discovery is expected later this week.

Please call if you have any questions. Thank you.

Yours truly,

Myles Jacobson

cc: Clerk, U.S. District Court (By Fax 413 785 0204) and Mail