UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-30057-MAP |
| ) | |
| DARRYL BURNS, ) | |
| DARRYL MOORER, and ) | |
| NAOMI WATFORD ) | |
| ) | |
| Defendants. ) | |

THE PARTIES' JOINT STATUS
REPORT PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, Edward B. Fogarty, attorney for Darryl Burns, and Steven Winniman, counsel for Darryl Moorer, hereby submit the following status report pursuant to Local Rule 116.5(A) and Magistrate Judge Neiman's written order.

1.  As set forth in the joint status report submitted on January 4, 2006, counsel for Mr. Burns has reviewed the evidence in the government's custody and has concluded that there are no further discovery requests and that no dispositive motions will be filed. Mr. Burns intends to enter a plea of guilty.

2.  Counsel for Ms. Watford has sent additional discovery letters which have been discussed at length with counsel for the government. The government provided a written response to these

discovery requests on February 1, 2006. Ms. Watford does not intend to file any dispositive motions at this time, however, she will be filing a motion for return of property.

3. Automatic discovery was provided to counsel for Mr. Moorer thirty-one days late. Undersigned counsel for the government is leaving the United States Attorney's Office and this case is being reassigned. Unfortunately, the production of automatic discovery to Mr. Moorer was inadvertently overlooked during the reassignment process. Because automatic discovery was provided late, Mr. Moorer should be granted additional time to file a discovery letter if he chooses to do so.

4. The government submits that as to Defendants Burns and Watford, the time from arraignment, through the present is excludable from the Speedy Trial Act pursuant to 18 U.S.C. Section 3161(h)(8)(A) and Local Rule 112.2(A)(1),(2), and (3). Briefly, since the last scheduled status conference and February 2, 2006, counsel for Defendants Burns and Watford have continued to review discovery and have met with counsel for the government on several occasions to discuss a potential resolution of this case. Because this period of time was utilized for the effective preparation of the case it should be excluded under the Speedy Trial Act. With respect to Mr. Moorer, the time from arraignment, through the present is excludable from the Speedy Trial Act pursuant to 18 U.S.C. Section 3161(h)(7). Accordingly, the government requests that the Court issue an order indicating

that the time from arraignment to the present is excludable pursuant to Local Rule 112.2(B).

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

By:  /s/ Ariane D. Vuono
       Ariane D. Vuono
       Assistant U.S. Attorney


Edward B. Fogarty, Esq.
Attorney for Darryl Burns

/s/ Myles Jacobson
Myles Jacobson
Attorney for Naiomi Watford

/s/ Steven Winniman
Steven Winniman
Attorney for Darryl Moorer

Dated: February 1, 2006