# JACOBSON & FELLOWS
16 Center Street Suite 314
Northampton, MA 01061
(413) 584-8181

Myles Jacobson,  Attorney
Michael Fellows, Attorney

April 3, 2006

AUSA Paul Smyth
U.S. Attorney's Office
Federal Building and Courthouse
1550 Main Street, Rm 310
Springfield, MA 01103

Re:     <u>United States of America v. Naomi Watford</u>
        Criminal No. 03-CR-
        (Discovery letter, non-motion)

Dear Attorney Smyth:

  This is to request disclosure of any and all promises, rewards and inducements in accordance with LR. Rule 116.2(B)(1)(c).   This request includes but is not limited to information concerning co-defendants.

  With respect to a any witness whom the prosecution anticipates calling in its case in chief, the rule requires disclosure of "<u>each</u> promise, reward or inducement, <u>and</u> a copy of any promise, reward or inducement reduced to writing." (Emphasis added.)   I quote the rule to show that a copy of a  plea agreement is not sufficient since plea agreements do not generally just arrive out of thin air.  To my knowledge, plea agreements are  always the result of a process. Where witnesses are represented by counsel, the process involves communications between prosecutors and defense attorneys, although sometimes the communication is made to the witness directly, either in addition to or instead of the attorney.   Typically, these communications include promises, rewards or inducements or some kind by the prosecutor and/or by other agent for the government.   As you know, "promise, reward or inducement" is very broadly defined, and what ever falls in this category is unprivileged and must be disclosed.

  For example, if a prosecutor or government agent tells a co-defendant that the government would be interested in what another co-defendant did, that communication is an inducement because the communication implies that some consideration might be offered for that information.   Whether such communication needs to be disclosed under LR. Rule 116.2(B)(1)(c)

depends only on whether the government anticipates calling that person as a witness in its case in chief.

Therefore, with respect to any and all witnesses whom that the prosecution anticipates calling as a witness in its case in chief, production of each and every promise, reward or inducement is due now and is hereby expressly requested.   If the government has made no promises, rewards or inducements to any person it anticipates calling as a witness, kindly so inform me in writing--and update me if the situation changes.

Thank you.

> Very truly yours,
>
>  /s  *Myles Jacobson*
>
> Myles Jacobson