

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*          *Federal Building & Courthouse*
*Fax: (413) 785-0394*                     *Main Street, Room 310*
                                          *Springfield, Massachusetts 01103*


April 24, 2006


Myles Jacobson, Esq.
Jacobson & Fellows
16 Center Street, Suite 314
Northampton, MA 01061

        Re:  <u>United States v. Naomi Watford</u>
             Criminal No. 05-30057-MAP

Dear Mr. Jacobson:

     I am writing in response to your letter of April 3, 2006, in
which you requested disclosure of "any and all promises, rewards
and inducements in accordance with L.R. Rule 116.2(B)(1)(c)."  I
note that in automatic discovery, the government indicated that
it was declining to disclose any promises, rewards or inducements
of "one witness" in accordance with the provisions of Local Rule
116.6.  I also note that on October 19, 2005, in apparent
response to your discovery letter request of September 23, 2005,
seeking, among other things, the disclosure of any promises made
to any government witness, the government indicated that the
materials you sought would be provided to you on November 10,
2005.  The government's discovery records that I have reviewed do
not indicate that any correspondence was sent to you on November
10, 2005, but they do reflect that on November 16, 2005, the
government sent you copies of an Information, a plea agreement
dated July 20, 2005, and a criminal history pertaining to one
cooperating witness.  That witness is the only cooperating
witness that the government anticipates calling in its case-in-
chief at the present time.  I believe that those materials were
sent to you in accordance with the Local Rules and your discovery
request letter of September 23, 2005.  It appears, then, that you
have materials that substantially respond to your inquiry.  It
also appears, based on your letter and on our recent telephone

                              1

conversations, that in your most recent letter of April 3, 2006, you now are seeking more specific information regarding actual words used by the government to converse with any cooperating witness or any specific words that were used during plea discussions that could be construed as a promise, reward or inducement or that may have caused the cooperator to divulge specific information about specific individuals.  Please correct me if I am mistaken in that belief.

As you are aware, I inherited this case from my former colleague, Ariane Vuono.  For that reason, I am not personally familiar with any discussions that may have taken place between the government and any cooperating witness who may testify in the government's case-in-chief.  Please also recall that the cooperating witness entered into his plea agreement with the U.S. Attorney's Office in New York.  Because of the specificity of your request and my own lack of personal familiarity with the nature of any discussions between the government and any potential cooperators in this case, I have made inquiry of the investigating agency and of other law enforcement officials to determine whether the government is in possession of any discoverable information that is responsive to your request. Unfortunately, I am not in a position to provide a full response at the present time because I have not heard back definitively from those with whom I have inquired.  I will, however, provide an appropriate response as soon as I am able to do so.

Please be advised that by providing you with this response, and by attempting to determine whether the requested materials exist and/or are discoverable at the present time, the government is not waiving its right to object to your request pursuant to Local Rule 116.3(D), which prohibits the filing of discovery motions that seek information that is required to be produced in automatic discovery, or under Local Rule 116.6, which permits the government to decline to produce or continue to decline to produce otherwise discoverable information.  Further, the government is not necessarily conceding that the examples of discoverable information contained in your letter are, in fact, discoverable as promises, rewards or inducements as contemplated by the rules.

Finally, I understand that you are contemplating the filing of a discovery motion.  I appreciate your conferring with me as to whether we can narrow the issues to be raised in such a motion.  I will continue to work to determine whether there exists any information that may be responsive to your request, at which time I will assess whether that information is discoverable, and whether disclosure is appropriate under the

present circumstances or whether the government should decline or
continue to decline to produce the information pursuant to Local
Rule 116.6.  Regardless of whether you file a discovery motion on
this matter, I will continue to make the efforts described above.

  Please feel free to call me at (413) 785-0395, if you have
any questions about the above information.  Thank you for your
patience.

           Very truly yours,

           MICHAEL J. SULLIVAN
           United States Attorney

      By:  /s/ Thomas J. O'Connor, Jr.
         Thomas J. O'Connor, Jr.
         Assistant U.S. Attorney