UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
v. ) Criminal No. 05-30057-MAP
)
)
DARRYL BURNS, )
DARRYL MOORER, and )
NAOMI WATFORD, )
    Defendants. )

PARTIES' JOINT MEMORANDUM
PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and counsel for the defendants, hereby file their joint memorandum pursuant to Local Rule 116.5(A):

1. There is a need to grant relief from the otherwise applicable timing requirements imposed by L.R. 116.3 as to Mr. Burns and Mr. Moorer. The parties will explain the timing of this matter to the Court during the status conference on July 17, 2006.

2. The defendants have or will be requesting discovery concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(E). The government has requested reciprocal discovery pursuant to Fed. R. Crim. P. 16(B)(1)(C). Mr. Moorer has requested additional discovery.

3. Other than the discovery referred to above, the parties do not anticipate providing additional discovery as a result of their future receipt of information, documents, or reports of examinations or tests.

4. The defendants will advise the Court of any need for a motion date to be established under Fed. R. Crim. P. 12(c).

5. The parties agree that all of the time from arraignment to the date of the next status conference should be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8). The parties agree that the ends of justice served by excluding this time from the Speedy Trial Act outweigh the best interest of the public and defendant in a speedy trial. The parties agree that this Speedy Trial Act exclusion is appropriate, in part, because:

    a. Counsel for the government and Mr. Moorer changed just prior to the last scheduled status conference.

    b. In the intervening time, counsel for the government and for Mr. Burns and Ms. Watford have discussed resolving this case. Ms. Watford will be pleading guilty. However, the parties need more time to attempt to resolve Mr. Burns's case in a manner that could enable him to receive a sentence less than life in prison. Mr. Moorer's case should not be sent to the District Court for disposition until Mr. Burns's case status is finalized.

    c. Given the change in attorneys, the decision to plead guilty by one of the defendants, the desire to find a way to avoid a mandatory life sentence for a second defendant and the need to finalize discovery with the third defendant, it is in the interests of justice to exclude the Speedy Trial Act time until the next status conference.

6.   It appears that a trial for at least one defendant will be required.  The trial should take approximately one week.

7.   The parties recommend that the Court report to the District Court that Ms. Watford will be pleading guilty and that the Court schedule an additional status conference for Mr. Burns and Mr. Moorer in 30 days.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

by: _____
     Kevin O'Regan
     Assistant U.S. Attorney

_____
Edward Fogarty, Esq.
Counsel for Darryl Burns

_____
Mark Mastroianni, Esq.
Counsel for Darryl Moorer

_____
Myles Jacobson, Esq.
Counsel for Naomi Watford

Date:   July 17, 2006

3